United States District Court
Southern District of Texas

**ENTERED**

January 28, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| **MOHAMMAD RASOOL KHALIFEH,** | § | |
| **Petitioner,** | § | |
| | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 5:26-CV-00093** |
| | § | |
| **WARDEN OF,** | § | |
| **Respondent.** | § | |

**ORDER**

Before the Court is Movant United States of America's Motion to Intervene, (Dkt. No. 9).

Pursuant to Fed. R. Civ. P. 24(a)(2), on timely motion, the court must permit anyone to intervene who claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest. Fed. R. Civ. P. 24(a)(2). To intervene under Rule 24(a)(2), an applicant must meet the following requirements: (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the existing parties to the suit. *Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir. 1996).

In determining timeliness of an application to intervene, courts weigh four factors: (1) the amount of time it took for the applicant to file the application for intervention; (2) prejudice to the existing parties; (3) prejudice to the applicant if the application is denied, and (4) other circumstances weighing for or against a determination of timeliness. *Id*. at 1000.

Based on the foregoing, the Court finds that the United States of America has the right to intervene in this matter, pursuant to Rule 24(a)(2). The Court finds the United States of America filed its application within a reasonable time after becoming aware of the present litigation. Additionally, the Court finds that there would be no prejudice to the current parties upon granting the motion. The Court therefore finds that the United

States of America's motion is timely. Additionally, the Court finds that the United States of America has a direct interest in the underlying Petition in this matter, that there is a risk that this litigation may impair the United States of America's interest, and that no present party will adequately protect its interest.

Therefore, the Court hereby **GRANTS** the United States of America's Motion to Intervene, (Dkt. No. 9).

It is so **ORDERED.**

**SIGNED** on January 28, 2026.

John A. Kazen
United States District Judge